IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20934
Summary Calendar

_____

LE-MOYNE NELSON,

Plaintiff-Appellant,

versus

JERRY PETERSON; WAYNE SCOTT; JAMES COLLINS,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CV-206
- - - - - - - - - -
June 19, 1997
Before HIGGINBOTHAM, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

Le-Moyne Nelson, Texas state prisoner #657292, moves for leave to proceed in forma pauperis (IFP) on appeal under the Prison Litigation Reform Act of 1995 (PLRA). The motion for leave to appeal IFP is GRANTED.

The PLRA requires a prisoner appealing IFP in a civil action to pay the full amount of the filing fee, $105. As Nelson does not have funds for immediate payment of this fee, he is assessed an

_____

[1] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

initial partial filing fee of $7.77, in accordance with 28 U.S.C. § 1915(b)(1).  Following payment of the initial partial filing fee, funds shall be deducted from Nelson's prisoner account until the full filing fee is paid.  See § 1915(b)(2).

IT IS ORDERED that Nelson pay the appropriate initial filing fee to the Clerk of the District Court for the Southern District of Texas.  Nelson shall authorize the appropriate prison authorities to withdraw this fee from his trust fund account in accordance with their policy and local procedures and to forward the fee to the Clerk of the District Court for the Southern District of Texas.  IT IS FURTHER ORDERED that the agency having custody of Nelson's inmate account shall collect the remainder of the $105 filing fee and forward for payment, in accordance with § 1915(b)(2), to the Clerk of the District Court for the Southern District of Texas each time the amount in Nelson's account exceeds $10, until the appellate filing fee is paid.

Nelson argues that the district court erred by denying his motion for injunctive relief and by construing his complaint as a civil rights complaint pursuant to 42 U.S.C. § 1983.  We have carefully reviewed the appellate record, and we conclude that Nelson's asserted claims are legally frivolous because they have no arguable basis in federal law.  This appeal is frivolous and is therefore DISMISSED.  See 5th Cir. R. 42.2.

APPEAL DISMISSED.  IFP GRANTED.  INITIAL PARTIAL FILING FEE ASSESSED.